**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**
Case No. 08-21619-CIV-UNGARO

MACY'S FLORIDA STORES, LLC,

      Plaintiff,

v.

ILLINOIS NATIONAL INSURANCE COMPANY,

      Defendant.

_____/

<u>**ORDER ON PLAINTIFF'S MOTION TO REMAND**</u>

      THIS CAUSE is before the Court upon Plaintiff's Motion to Remand and Memorandum of Law in Support, filed June 30, 2008 (D.E. 3).  Defendant filed its Response on July 10, 2008 (D.E. 4).

      THE COURT has considered the Motion and the pertinent portions of the record and is otherwise fully advised in the premises.  By way of background, this action arises out an incident in which Elaine Sheppard was attacked and sustained severe injuries in Plaintiff's parking garage.  (Compl. ¶ 4.)  After Ms. Sheppard and her husband filed a suit for damages against Plaintiff and the security company ("IPC") that Plaintiff hired to provide security services for the subject parking garage, Plaintiff requested that Defendant defend and indemnify it in connection with Ms. Sheppard's lawsuit because Plaintiff is allegedly an additional insured on the insurance policy that Defendant issued to IPC.  (Compl. ¶¶ 5, 7, 10, 11.)  Because Defendant has disputed whether it is required to defend and indemnify Plaintiff in connection with Ms. Sheppard's lawsuit, Plaintiff has brought the instant declaratory judgment action in order for the Court to declare the parties' rights and obligations under IPC's insurance contract with Defendant. (Compl. ¶¶ 13, 14.)  On or about April 10, 2008, Plaintiff commenced this action by filing a

Complaint in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida.  Plaintiff served the Complaint on Defendant on or about May 6, 2008.  (Notice of Removal ¶ 2.)  On June 5, 2008, Defendant timely filed a Notice of Removal of the action to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  Plaintiff now moves the Court to remand the action for lack of jurisdiction, on grounds that the requisite $75,000.00 amount in controversy was not satisfied at the time of removal.[1]  (Pl.'s Mot. ¶ 3.)

Pursuant to 28 U.S.C. § 1441,[2] an action filed in state court may only be removed to federal court by the defendant where the action originally could have been filed in the federal court.  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  The burden is on the defendant seeking removal to demonstrate that there is federal jurisdiction.  *Friedman v. New York Life Ins. Co.*, 410 F.3d 1350 (11th Cir. 2005) (citing *Kirkland v. Midland Mortgage Co.*, 243 F.3d 1277 (11th Cir. 2001)).  "Where the plaintiff has not plead a specific amount of damages . . . the defendant is required to show that [*sic*] by a preponderance of the evidence that the amount in controversy can more likely than not be satisfied."  *Kirkland*, 243 F.3d at 1281 n.5 (citations omitted); *see also Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1094 (11th Cir. 1994) ("The defendant can remove to federal court if he can show, by a preponderance of the evidence, facts supporting jurisdiction." (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189

---

[1] It is undisputed that complete diversity of citizenship existed between Plaintiff and Defendant at the time Plaintiff commenced this action in state court and continues to exist as of the time of filing of the Notice of Removal.  (*See* Pl.'s Mot. 4 n.1.)

[2] 28 U.S.C. § 1441(a) provides: "Except as otherwise expressly provided by an Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

(1936)).  "These standards give great weight to [the] plaintiff's assessment of the value of [the] plaintiff's case."  *Burns*, 31 F.3d at 1094.  Indeed, the "plaintiff is . . . the master of his own claim."  *Id.* at 1095 (citing *Caterpillar, Inc.*, 482 U.S. at 391 & n.7; *Great Northern R. Co. v. Alexander*, 246 U.S. 276, 282 (1918); *Gafford v. Gen. Elec.*, 997 F.2d 150 (6th Cir. 1993); *Insigna v. LaBella*, 845 F.2d 249, 253-54 (11th Cir. 1988); *Lane v. Champion Int'l Corp.*, 844 F. Supp. 724, 731 (S.D. Ala. 1994); Wright & Miller, 14A Federal Practice and Procedure § 3702 ("[p]laintiff is the master of his or her own claim; if plaintiff chooses to ask for less than the jurisdictional amount, only the sum actually demanded is in controversy.")).  In "matters concerning removal and remand . . . 'it is axiomatic that ambiguities are generally construed against removal.'"  *Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1329 (11th Cir. 1998) (quoting *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir. 1979)).

Absent federal-question jurisdiction,[3] this Court's subject matter jurisdiction must be based on diversity pursuant to 28 U.S.C. § 1332(a), which provides the district courts with "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and . . ." there is complete diversity of citizenship among the parties.  The only issue before this Court is whether the requisite $75,000 amount in controversy was satisfied at the time of removal.[4]

Ordinarily, the amount in controversy for purposes of diversity jurisdiction is determined

---

[3]Federal courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

[4]The issue of whether subject matter jurisdiction exists is determined by looking to the complaint as it existed at the time the petition for removal was filed.  *Pullman Co. v. Jenkins*, 305 U.S. 534, 537-38 (1939).

by looking to the allegations in the Complaint.  *See* 28 U.S.C. § 1332.  In this case, however, the amount in controversy is not evident from the face of the Complaint.  The Eleventh Circuit has held that "in the removal context where damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence."  *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007); *see also Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *overruled on other grounds* by *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).  In *Lowery*, the Eleventh Circuit concluded that "the removal-remand scheme set forth in 28 U.S.C. §§ 1446(b) and 1447(c) requires that a court review the propriety of removal on the basis of the removing documents," and "[i]f the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction," but "[i]f not, the court must remand."  *Lowery*, 483 F.3d at 1211.  Under this approach, the *Lowery* court explained, "jurisdiction is either evident from the removing documents or remand is appropriate."  *Id*.  "If that evidence is insufficient to establish that removal was proper or that jurisdiction was present, neither the defendants nor the court may speculate in an attempt to make up for the notice's failings."  *Id*. at 1214-15 (citing *Lindsey v. Ala. Tel. Co.*, 576 F.2d 593, 595 (5th Cir. 1978).[5]

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."  *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977).  In this case, as Defendant states in its Notice of Removal, the value of the object of the litigation can be determined by totaling the past and

---

[5]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit handed down prior to October 1, 1981.

4

anticipated costs of defense of the underlying Sheppard action and the potential damages sought in that action. *See Clarendon America Ins. Co. v. Miami River Club, Inc.*, 417 F.Supp. 2d 1309, 1316 (S.D. Fla. 2006) ("In an action by an insurance company seeking a court's declaration that it has no duty to defend or indemnify its insured in an underlying lawsuit, a court examines the following factors to determine the amount in controversy: (1) the coverage limits of the insurance policy; (2) the amount of damages sought in the underlying lawsuit; and (3) the pecuniary value of the obligation to defend the underlying lawsuit.")

In its Motion, Plaintiff argues that Defendant has failed to show by a preponderance of the evidence that the amount in controversy in this case meets the statutory minimum of $75,000. (Pl.'s Mot. 7.)  Specifically, Plaintiff contends that Defendant's allegation that Plaintiff's costs of defense of the underlying lawsuit were approaching $70,000 at the time of removal does not satisfy Defendant's burden.  (Pl.'s Mot. 7-8.)  The Court disagrees.  Considering the *Clarendon* factors, the Court finds that a preponderance of the evidence demonstrates that the amount in controversy in this action far exceeds $75,000.  In its Notice of Removal, Defendant states that (1) Plaintiff has already incurred in excess of $70,000 in legal fees in its defense of the underlying Sheppard claim, (2) the Sheppards' counsel has expressed to Defendant's counsel that the value of the claim approaches $1,000,000, and (3) the coverage limit of the insurance policy is $1,000,000.  (Notice of Removal ¶ 7.)  In fact, the evidence shows that the minimum amount in controversy is $85,000–$70,000[6] already expended defending the underlying Sheppard lawsuit

---

[6] Although Plaintiff terms this figure an allegation in its Motion, Plaintiff does not appear to refute the veracity of such figure, instead arguing only that the figure falls shy of the statutory minimum of $75,000.  (*See* Pl.'s Mot. 7-8.)  As such, the Court shall assume the accuracy of this figure for the purposes of deciding the instant Motion.  The Court notes, however, that even were the Court to discount the amount spent by Plaintiff thus far in defending the underlying lawsuit,

and $15,000 minimum sought in the underlying Sheppard lawsuit to meet the jurisdictional

requirements.  Thus, with respect to the instant Motion to Remand, the Court finds that

Defendant has met its burden and that there is federal diversity jurisdiction in this action.

Accordingly, it is hereby

ORDERED AND ADJUDGED that Plaintiff's Motion to Remand is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 11th day of July, 2008.

_____

URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided:
Counsel of Record

the other *Clarendon* factors would still satisfy the jurisdictional minimum, as the coverage limit
for the insurance policy is $1,000,000.