UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-21619-CIV-UNGARO/SIMONTON

MACY'S FLORIDA STORES, LLC f/k/a
BURDINES, INC.,

    Plaintiff/Counter-Defendant,

v.

ILLINOIS NATIONAL INSURANCE
COMPANY,

    Defendant/Counter-Plaintiff,

v.

ELAINE C. SHEPPARD and JOHN SHEPPARD
and IPC INTERNATIONAL CORPORATION,

    Counter-Defendants.
_____/

**ORDER DENYING MOTION FOR COURT TO RULE
ON ILLINOIS NATIONAL INSURANCE'S OBJECTION
TO MACY'S REQUEST FOR ADMISSIONS**

Presently pending before the Court is Plaintiff's Motion for Court to Rule on Illinois National Insurance's Objection to Macy's Request for Admissions (DE #44). Defendant Illinois National Insurance has filed an Opposition to the Motion (DE # 55). Macy's has not replied and the deadline for filing a reply expired on March 23, 2009. The Motion is referred to the undersigned (DE # 45). For the reasons stated below, the motion is DENIED.

Plaintiff Macy's Florida Stores f/k/a Burdines, Inc., ("Macy's") initiated this action by filing a one count declaratory action complaint in the Circuit Court of the 11th Judicial Circuit In and For Miami-Dade seeking a determination as to its rights under an

insurance policy issued by Defendant Illinois National Insurance Company (DE #1).[1]  This action stems from an underlying state court action related to a 2001 incident wherein a woman, Elaine Sheppard, alleged that she sustained significant injures during a robbery that occurred in a parking garage owned and/or leased by Macy's.  Pursuant to a contract with Macy's, security at the garage was provided by IPC International Corporation ("IPC"), which was insured by Illinois National Insurance Company ("Illinois National").  As a result of the incident, Elaine Sheppard and her husband ("the Sheppards") filed the state court action against Macy's and IPC seeking damages for Mrs. Sheppard's injuries.

In response to the state court action filed by the Sheppards, Macy's requested indemnity and defense from IPC and Illinois National, which was refused.  Macy's then filed the instant action in state court against Illinois National seeking declaratory relief with respect to its rights under the IPC insurance policy.  According to the Complaint, the contract between Macy's and IPC required IPC to indemnify and defend Macy's and to include Macy's as an additional insured on IPC's general liability insurance policy with Illinois National.  On June 5, 2008, Illinois National removed this action from state to federal court.  On July 11, 2008, Illinois National filed its Answer and Affirmative Defenses and included a Counterclaim seeking declaratory relief against Macy's and the Sheppards (DE #6).[2]

---

[1] On March 4, 2009, Macy's filed an Amended Complaint which added an additional count related to insurance coverage under an umbrella policy (DE # 54).  For purposes of the instant Motion, the Amended Complaint does not alter the undersigned's conclusions.

[2] On January 28, 2009, Illinois National was granted leave to amend its Counterclaim to add IPC as an additional counter-defendant in this action (DE # 25, 26) and on February 11, 2009, was granted leave to again amend its Counterclaim to include

On January 16, 2009, Macy's served its First Request for Admissions on Defendant Illinois National which consisted of one Request for Admission as follows:

> 1.  Please admit that Illinois National Insurance Company does not possess a complete copy of Policy No. GL-457-07-21RA which was issued by Illinois National Insurance Company to its named insured, IPC International Corporation and which had a policy period of June 30, 2000 to June 30, 2001. (This request for admissions is referring to a complete copy of the policy which is certified and which contains all endorsements and/or amendments thereto).

Illinois National responded to the Request for Admission as follows:

> Objection, vague.  Notwithstanding the objection, denied.  Illinois National does possess a complete copy of Policy No. GL-457-07-21-RA which was issued to its name insured, IPC International Corp., and which covered the policy period from June 30, 2000 to June 30, 2001.

Macy's then filed the instant Motion seeking to have this Court order Illinois National to answer the First Request for Admission and argued that Illinois National violated Federal Rule of Civil Procedure 36(a)(5) by failing to state the reasons that it had objected to the Request for Admission as "vague".  Macy's contended that the Request was not vague in any way as it specified the name of the insurer, the name of the insured, the policy period and the exact policy number.

In response to the Motion, Illinois National asserted that it had stated in its response that the Request for Admission was "vague" because the Request asked whether it had a complete copy of the policy issued to the insured and in the same request defined a "complete copy" as a "certified" copy (DE # 55).  Illinois National explained that it does have a complete copy of the policy that it obtained from the

---

a claim for declaratory relief under an excess/umbrella policy (DE ## 31, 32).  For purposes of the instant Motion, the Amended and Second Amended Counterclaim do not alter the undersigned's conclusions.

3

insured's agent and third-party administrator but it does not have a certified copy of the policy.  Illinois National contends that it therefore fully complied with Rule 36 by objecting to the Request, stating its ground for the objection and also answering the Request.  Illinois National further stated that the insurance policy had been provided to Macy's on several occasions.  No reply was filed by Macy's.

The undersigned concludes that although Illinois National's response to Macy's Motion clarified the reason for its objection, that explanation was not required by Rule 36(a)(5), as the Rule only requires a party to state, "The grounds for objecting to a request...".  Since Illinois National stated the grounds for the objection as "vague" in its Response to the Request for Admission, Illinois National technically complied with the Rule.  However, it was also reasonable for Macy's to not understand the grounds for Illinois National's objection given the specificity of the Request, and thus Macy's Motion was not meritless.  Accordingly, since the explanation provided by Illinois National resolves the misunderstanding about the response to the Request for Admission and since Macy's has not controverted the sufficiency of this explanation by filing a reply, there is no need to require a further response.

Therefore, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff Macy's Motion for Court to Rule on Illinois National Insurance's Objection to Macy's Request for Admissions (DE #44) is **DENIED.**

**DONE AND ORDERED** in Miami, Florida, on April 7, 2009.

*Andrea M. Simonton*
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Ursula Ungaro
    United States District Judge
All counsel of record